FILED

JUN 21 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND-ALAMEDA COLISEUM, INC.,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; UNDERWRITERS, LLOYD'S OF LONDON, EXECUTIVE RISK INDEMNITY COMPANY; GULF INSURANCE ZURICH AMERICAN INSURANCE COMPANY, formerly known as ZURICH AMERICAN INSURANCE COMPANY; ADMIRAL INSURANCE; RLI INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY FEDERAL INSURANCE COMPANY and DOES 1 through 50, inclusive,

    Defendants.

No. C 06-02328 MHP

**MEMORANDUM & ORDER**
Re: Motion to Remand

    Plaintiff Oakland-Alameda Coliseum, Inc. filed this lawsuit in Alameda County Superior Court on September 23, 2005, seeking indemnification from a group of insurers for a $34 million judgment paid by plaintiff. Defendant RLI Insurance Co. ("RLI") removed the lawsuit to this court on March 31, 2006. Now before the court is plaintiff's motion to remand the action to state court on the grounds that RLI's notice of removal was untimely, or, in the alternative, that it was premature.

I.    Untimely Removal

    RLI's notice of removal states that it "received" a copy of the complaint on September 27, 2005. As the parties acknowledged at oral argument, however, RLI and the other defendants were not formally served with the complaint prior to the filing of the notice of removal.

Plaintiff's argument that removal was untimely is predicated on the assumption that removal in this case was required to be within 30 days of service or receipt of the complaint. See 28 U.S.C. § 1446(b) (requiring removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). RLI asserts as an alternate basis for jurisdiction, however, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. section 203 et seq., which establishes federal jurisdiction over claims related to certain international arbitration agreements, including agreements with foreign companies. See generally Hawkins v. KPMG LLP, 423 F. Supp. 2d 1038, 1044 (N.D. Cal. 2006) (Patel, J.). According to the notice of removal, plaintiff entered into an agreement with defendant Certain Underwriters of Lloyd's of London—a foreign insurer—which contains an arbitration clause covering the claims at issue in this lawsuit. Notice of Removal ¶ 4. Plaintiff does not dispute in its motion to remand that the Lloyd's agreement falls under the Convention.

A different section of the Convention provides the procedure for removal: 9 U.S.C. section 205 states, in relevant part, that "the defendant or the defendants may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205 (emphasis added). Under section 205, unlike under section 1446(b), removal can be at any time before trial. Plaintiff does not presently dispute that the arbitration clause at issue in this lawsuit satisfies the other requirements of section 205. Removal was therefore timely.

Nor was removal untimely under section 1446(b). The Supreme Court has held that the 30-day time limit in section 1446(b) is not triggered by "mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999). Only when a defendant is "notified of the action, and brought under a court's authority, by formal process" does the time limit commence to run. Id. Plaintiff does not disagree, but argues that the notice of removal in this case is deficient because it fails to indicate that RLI's "recei[pt]" of the complaint was something other than formal service. According to plaintiff, RLI's statement that it

2

"received" the complaint on September 27, 2005 should be viewed as an admission that RLI was effectively served, and submitted itself to the jurisdiction of the state court, on September 27.

In support of its argument, plaintiff cites Timblin v. Cytodyne Technologies, Inc., No. C 02-1937, 2002 U.S. Dist. LEXIS 9455 (N.D. Cal. May 15, 2002) (Walker, J.). In Timblin, the defendant removed the action without obtaining the consent of a co-defendant. Id. at *2. The notice of removal did not indicate whether the co-defendant had been served. Id. The district court found that removal was improper, as the face of the notice provided no basis for the court to depart from the general requirement that all properly served defendants join in removal. Id. Here, as well, plaintiff argues that RLI's failure to state that it was not formally served with the complaint prior to removal renders the removal facially improper.

The court need not reach the merits of plaintiff's legal argument because the copy of the complaint attached to the notice of removal prominently states "COURT COPY - NOT SERVED" and "No Summons Issued." This language establishes *prima facie* grounds for removal.

Plaintiff also argues that removal was improper because the other defendants did not join in the removal. As RLI correctly points out, however, only served defendants must join in seeking removal. See Parker v. State of California, No. C 98-04844, 1999 U.S. Dist. LEXIS 2260, at *4–*5 (N.D. Cal. Feb. 26, 1999) (Patel, C.J.). Here, as RLI expressly pointed out in its notice of removal, none of the other defendants was served as of March 31, 2005, the date on which this action was removed.

The court therefore finds that removal was timely both under 9 U.S.C. section 205 and under 28 U.S.C. section 1446(b).

II.     Premature Removal

Plaintiff also argues that RLI's removal was "premature," as no defendant had been served or had accepted the jurisdiction of the state court at the time of removal. Plaintiff cites Abrego Abrego v. Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006) for the general rule that premature removal should be discouraged. Abrego Abrego makes no such general statement; it cautions against

3

premature removal of actions based on the Class Action Fairness Act of 2005 ("CAFA"). CAFA makes federal jurisdiction dependent on the nature of the claims and plaintiffs, which may only become clear following a detailed factual inquiry. Id. at 691–92. The Ninth Circuit found that CAFA abrogated the one-year time limit for removal in order to permit state courts to conduct jurisdictional discovery prior to removal. Id. Nothing in Abrego Abrego is applicable here, where federal jurisdiction is clear based on the arbitration clause identified in the notice of removal. Removal was not premature.

    Plaintiff's motion to remand is therefore DENIED.

    IT IS SO ORDERED.

Dated: 6/20/06

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

4