STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 095992)
ALLAN S. COHEN (State Bar No. 115532)
CARY JOY ECONOMOU (State Bar No. 211438)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
 EXECUTIVE RISK INDEMNITY INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLAND-ALAMEDA COUNTY COLISEUM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, UNDERWRITERS, LLOYD'S OF LONDON, EXECUTIVE RISK INDEMNITY COMPANY, GULF INSURANCE, ZURICH AMERICAN INSURANCE COMPANY, formerly known as ZURICH AMERICAN INSURANCE COMPANY, ADMIRAL INSURANCE, RLI INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, FEDERAL INSURANCE COMPANY and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. C 06-02328 MHP <br><br> STIPULATION AND [PROPOSED] ORDER FOR FILING OF AMENDED ANSWER BY DEFENDANT EXEUCTIVE RISK INDEMNITY INC. <br><br> Action Filed: September 23, 2005 |

IT IS HEREBY STIPULATED by and between Plaintiff Oakland-Alameda County Coliseum, Inc. (hereinafter "OACC") and Defendant Executive Risk Indemnity, Inc. (hereinafter "ERII") through their respective attorneys of record that

LA 51012467

1  Defendant ERII may file an Amended Answer asserting a Fifteenth Affirmative
2  Defense, a copy of which is attached hereto.
3     IT IS FURTHER STIPULATED that Plaintiff OACC does not waive any
4  defenses it may have pertaining to the Fifteenth Affirmative Defense.
5     GOOD CAUSE EXISTS for granting this Stipulation as the Fifteenth
6  Affirmative Defense arises from new facts set forth in a document produced during
7  discovery by Plaintiff on November 3, 2007.

Dated: November 28, 2007

ADLESON, HESS & KELLY, APC
RANDY M. HESS

SHERNOFF BIDART DARRAS LLP
MICHAEL J. BIDART, ESQ.
RICARDO ECHEVERRIA, ESQ.

THE EHRLICH LAW FIRM
JEFFREY I. EHRLICH, ESQ.

FRIEDMAN RUBIN & WHITE
RICHARD FRIEDMAN, ESQ.
WILLIAM S. CUIMMINGS, ESQ.

By: _____
William S. Cummings

COUNSEL FOR PLAINTIFF
OAKLAND-ALAMEDA COUNTY
COLISEUM, INC.

Dated: November 28, 2007

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS
ALLAN S. COHEN
CARY JOY ECONOMOU

By: _____
Allan S. Cohen
Attorneys for Defendant
EXECUTIVE RISK INDEMNITY INC.

LA 51012467

- 2 -

## ORDER

FOR GOOD CAUSE SHOWN, Defendant Executive Risk Indemnity, Inc.'s Amended Answer to Plaintiff Oakland-Alameda County Coliseum, Inc.'s First Amended Complaint is deemed filed as of this date.

Dated: 11/30_____, 2007

Hon. Marilyn H. Patel
Judge of the United States District Court
Northern District of California



IT IS SO ORDERED
Judge Marilyn H. Patel

# EXHIBIT "A"

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 095992)
ALLAN S. COHEN (State Bar No. 115532)
CARY JOY ECONOMOU (State Bar No. 211438)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
EXECUTIVE RISK INDEMNITY INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLAND-ALAMEDA COLISEUM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, UNDERWRITERS, LLOYD'S OF LONDON, EXECUTIVE RISK INDEMNITY COMPANY, GULF INSURANCE, ZURICH AMERICAN INSURANCE COMPANY, formerly known as ZURICH AMERICAN INSURANCE COMPANY, ADMIRAL INSURANCE, RLI INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, FEDERAL INSURANCE COMPANY and DOES 1 through 50, inclusive, <br><br> Defendant. | Case No. C 06-02328 MHP <br><br> **DEFENDANT EXECUTIVE RISK INDEMNITY INC.'S AMENDED ANSWER TO PLAINTIFF OAKLAND-ALAMEDA COUNTY COLISEUM, INC.'S FIRST AMENDED COMPLAINT** <br><br> Action Filed: September 23, 2005 <br><br> [JURY TRIAL DEMANDED] |

LA 51012471

5

Defendant Executive Risk Indemnity Inc. ("ERII"), pursuant to this Court's July 5, 2006 Order whereby defendants herein were directed to file their answers which were deemed filed without prejudice to raise any additional defenses or motions to dismiss at a later date, hereby answers the First Amended Complaint of plaintiff Oakland-Alameda County Coliseum, Inc. ("Plaintiff") as follows:

## GENERAL ALLEGATIONS

1. Responding to the allegations in Paragraph 1, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

2. Responding to the allegations in Paragraph 2, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

3. Responding to the allegations in Paragraph 3, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

4. Responding to the allegations in Paragraph 4, ERII ADMITS that it is a corporation organized under the laws of the State of Delaware and that it is licensed to do business and does business in the State of California. Except as admitted, ERII DENIES each and every allegation of Paragraph 4.

5. Responding to the allegations in Paragraph 5, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

6. Responding to the allegations in Paragraph 6, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

7. Responding to the allegations in Paragraph 7, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

- 1 -

8. Responding to the allegations in Paragraph 8, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

9. Responding to the allegations in Paragraph 9, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

10. Responding to the allegations in Paragraph 10, upon information and belief, ERII ADMITS that Federal Insurance Company is a corporation organized under the laws of the State of Indiana and that it is licensed to do business and does business in the State of California. Except as admitted, ERII DENIES each and every allegation of Paragraph 10.

11. Responding to the allegations in Paragraph 11, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

## FIRST CAUSE OF ACTION

### (Breach of Contract)
### (Against All Defendants)

12. Responding to the allegations in Paragraph 12, ERII ADMITS or DENIES the allegations incorporated into Paragraph 12 and "realleged" and "repeated" therein as set forth above in its Answers to Paragraphs 1 through 11.

13. Responding to the allegations in Paragraph 13, ERII ADMITS that Plaintiff and Defendant National Union entered into a contract of directors and officers liability insurance policy number 483-53-98, the terms of which, speak for themselves. Except as admitted, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

14. Responding to the allegations in Paragraph 14, ERII ADMITS that National Union issued to the OACC the National Union policy, Policy No. 483-53-

1  98, the terms of which, speak for themselves.  Except as admitted, ERII is without
2  information or knowledge sufficient to form a belief as to the truth of the allegations
3  therein and, on that basis, DENIES them.

4      15.   Responding to the allegations in Paragraph 15, the National Union
5  Policy, Policy No. 483-53-98 is a contract, the terms of which, speak for themselves.
6  ERII is without information or knowledge sufficient to form a belief as to the truth of
7  the allegations therein and, on that basis, DENIES them.

8      16.   Responding to the allegations of Paragraph 16, ERII ADMITS it issued
9  to Plaintiff, as the Insured, a follow form Excess Indemnity Policy, Policy No. 752-
10 036958-96 (the "ERII Excess Policy") with a Policy Period of July 1, 1996 to 12:01
11 AM July 31, 1997, which as a contract, the terms speak for themselves.  Upon
12 information and belief, ERII further ADMITS that Federal issued to Plaintiff, as the
13 Insured, a follow form Directors and Officers Liability and Reimbursement Excess
14 Policy, Policy No. 7931-97-44-A with a Policy Period of July 1, 1996 to 12:01 AM
15 July 31, 1997, which as a contract, the terms speak for themselves.  Except as
16 admitted, with respect to the remaining allegations and allegations against other
17 defendants, ERII is without information or knowledge sufficient to form a belief as
18 to the truth of the allegations therein and, on that basis, DENIES them.

19     17.   Responding to the allegations in Paragraph 17, ERII DENIES each and
20 every allegation in Paragraph 17.

21     18.   Responding to the allegations in Paragraph 18, ERII ADMITS that on
22 July 7, 1998, the Oakland Raiders, a California limited partnership, and A.D.
23 Football, Inc, a California corporation (collectively, the "Raiders"), filed a civil
24 Cross Complaint for Rescission, Breach of Contract, Declaratory Relief, Fraudulent
25 Misrepresentation, Negligent Misrepresentation, Mutual Mistake, Unilateral Mistake
26 and Concealment in the action pending in Sacramento County Superior Court
27 entitled City of Oakland et al. v. Oakland Raiders et al., Case No. 97AS06708 (the
28 "*Raiders* Action").  The civil Cross Complaint filed by the Raiders is a document,

- 3 -

LA 51012471

the terms of which speak for themselves. ERII ADMITS that the *Raiders* Action proceeded to trial before jury and on or about August 27, 2003, the jury entered its verdict in favor of the Raiders and against Plaintiff in the amount of $34,203,135.00 not including costs and interest on the Raiders' cause of action for negligent misrepresentation. ERII ADMITS that on September 25, 2003, the court entered its "final" appealable judgment. ERII further ADMITS that on December 24, 2003, Plaintiff filed its Notice of Appeal and that appeal has not yet been resolved. ERII DENIES that Plaintiff tendered the *Raiders* Action to it. Upon information and belief, ERII DENIES that Plaintiff tendered the *Raiders* Action to Federal. Except as admitted and with respect to the remaining allegations, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

19. Responding to the allegations in Paragraph 19, ERII ADMITS that in a letter dated May 11, 1999, and in correspondence thereafter, based on information provided to ERII, ERII denied coverage for the *Raiders* Action for, among other reasons, "this matter became a Claim after the expiration of the policy period," and ERII offered Plaintiff the opportunity to submit additional information bearing on the issue of coverage. Upon information and belief, ERII further ADMITS that in a letter dated June 13, 2002, and in correspondence thereafter, based on information provided to Federal, Federal denied coverage for the *Raiders* Action, and Federal offered Plaintiff the opportunity to submit additional information bearing on the issue of coverage. Except as admitted, with respect to the allegations against other defendants and the remaining allegations, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them.

20. Responding to the allegations in Paragraph 20, ERII ADMITS that Plaintiff has paid premiums to ERII. Upon information and belief, ERII ADMITS that Plaintiff has paid premiums to Federal. Except as admitted, ERII DENIES each

- 4 -

LA 51012471

and every allegation in Paragraph 20, and, with respect to allegations against other defendants and the remaining allegations, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

21. Responding to the allegations in Paragraph 21, ERII DENIES the allegations therein, and with respect to allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

22. Responding to the allegations in Paragraph 22, ERII DENIES the allegations therein, and with respect to allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

## SECOND CAUSE OF ACTION

### (Breach of The Covenant of Good Faith And Fair Dealing)
### (Against All Defendants)

23. Responding to the allegations in Paragraph 23, ERII ADMITS or DENIES the allegations incorporated into Paragraph 23 and "realleged" and "repeated" therein as set forth above in its Answers to Paragraphs 1 through 22.

24. Responding to the allegations in Paragraph 24, ERII DENIES each and every allegation in Paragraph 24 on the basis that the allegations are not factual in nature but are legal conclusions for which no response is required. ERII DENIES

that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

25. Responding to the allegations in Paragraph 25, ERII DENIES each and every allegation in Paragraph 25 on the basis that the allegations are not factual in nature but are legal conclusions for which no response is required. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

26. Responding to the allegations in Paragraph 26, ERII DENIES each and every allegation in Paragraph 26, and, with respect to the allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

27. Responding to the allegations in Paragraph 27, ERII DENIES each and every allegation in Paragraph 27, and, with respect to the allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

28. Responding to the allegations in Paragraph 28, ERII DENIES each and every allegation in Paragraph 28, and, with respect to the allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

29. Responding to the allegations in Paragraph 29, ERII DENIES each and every allegation in Paragraph 29, and, with respect to the allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as

to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

30. Responding to the allegations in Paragraph 30, ERII DENIES each and every allegation in Paragraph 30, and, with respect to the allegations against other defendants, ERII is without information or knowledge sufficient to form a belief as to the truth of the allegations therein and, on that basis, DENIES them. ERII DENIES that it has breached any contractual or legal duty. Upon information and belief, ERII DENIES that Federal has breached any contractual or legal duty.

## THIRD CAUSE OF ACTION

**(For Declaratory Relief)**
**(Against All Defendants)**

31. Responding to the allegations in Paragraph 31, ERII ADMITS or DENIES the allegations incorporated into Paragraph 31 and "realleged" and "repeated" therein as set forth above in its Answers to Paragraphs 1 through 30.

32. Responding to the allegations in Paragraph 32, ERII ADMITS that Plaintiff purports to claim an actual controversy has arisen between the parties regarding whether Defendants' policies cover the Raiders' judgment entered against OACC and/or whether their policies cover the OACC's defense fees and costs including appellate fees and costs.

33. Responding to the allegations in Paragraph 33, ERII ADMITS that Plaintiff purports to claim a dispute relative to the true meaning and legal effect of the Defendants' policies and covenants implied by law, the rights, liabilities, and duties and obligations arising out of the policies and conduct of the parties. Except as admitted, ERII DENIES each and every remaining allegation in Paragraph 33.

# AFFIRMATIVE DEFENSES

As for its affirmative defenses, ERII alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against ERII for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims, and each of them, are barred, in whole or in part, by the terms, conditions, definitions, exclusions, limitations, endorsements and other provisions of the ERII Excess Policy and the underlying insurance to which the ERII Excess Policy follows form, specifically, the National Union Fire Insurance Company of Pittsburgh, Pa. Policy No. 483-53-98 ("National Union Policy") and the Lloyds of London Policy No. 501/ZKA9600477 ("Lloyds Policy") (collectively, the "Underlying Insurance").

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims, and each of them, are barred, in whole or in part, by its breach(es) of its own contractual obligations under the ERII Excess Policy and Underlying Insurance.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims, and each of them, are barred, in whole or part, by the failure of conditions precedent to coverage, including without limitation, failure to demonstrate exhaustion of the full limits of the Underlying Insurance, which Plaintiff has admitted has not occurred, and which is a condition precedent to coverage under the ERII Excess Policy, which provides, in pertinent part, that "coverage hereunder shall attach only after all Underlying Insurance has been exhausted by actual payment of claims or losses thereunder."

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims, and each of them, are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

- 8 -

LA 51012471

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims, and each of them, are barred, in whole or in part, because ERII, at all times, acted reasonably and in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's "bad faith" claims are barred, in whole or in part, to the extent that there are no benefits due Plaintiff under the ERII Excess Policy, which is required for Plaintiff to establish a breach of the implied covenant of good faith and fair dealing under California law.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims, and each of them, are barred, in whole or in part, by the equitable doctrine of rescission, to the extent that Plaintiff and/or any of its directors and/or officers failed to disclose, concealed or misrepresented material facts relevant to the application for coverage under the Underlying Insurance and/or the ERII Excess Policy.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims, and each of them, are barred, in whole or in part, by the "known loss" doctrine, codified at California Insurance Code Sections 22 and 250.

## TENTH AFFIRMATIVE DEFENSE

10. Based on the allegations set forth in Plaintiff's First Amended Complaint, Plaintiff's claims, and each of them, are barred, in whole or in part, by applicable statutes of limitations contained in California Code of Civil Procedure, including, without limitation, §§ 337, 338, 339, 340 and 343.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims, and each of them, are barred, in whole or in part, by the California public policy against indemnification of willful and fraudulent conduct as codified in Insurance Code Section 533.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims, and each of them, are barred, in whole or in part, because Plaintiff failed to comply with the notice/claim reporting provisions of the Underlying Insurance to which the ERII Excess Policy follows form, specifically Clause 8(c) of the National Union Policy and Clause V of the Lloyds Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims, and each of them, are barred, in whole or in part, because Plaintiff failed to comply with the notice/claim reporting provision (Clause IX)) of the ERII Excess Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims, and each of them, are barred, in whole or in part, because the damages, statutory penalties and attorneys' fees sought by Plaintiff in the *Raiders* Action are not covered under definition of "Loss" as set forth in the ERII Excess Policy and/or the Underlying Insurance.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims, and each of them, are barred, in whole or in part, because Plaintiff breached the Subrogation and Recoveries provision (Clause VIII) of the ERII Excess Policy.

## RELIEF REQUESTED

**WHEREFORE**, ERII prays as follows:

1. That Plaintiff take nothing by way of the First Amended Complaint, that the First Amended Complaint be dismissed with prejudice and that judgment be rendered in favor of ERII;

2. That ERII be awarded its attorneys' fees incurred in the defense of this action;

3. That ERII be awarded its costs of suit incurred in the defense of this action; and

- 10 -

LA 51012471

1  4. That ERII be awarded such other and further relief as the Court may
2  deem proper.

4  Dated: November 28, 2007

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS
ALLAN S. COHEN
CARY JOY ECONOMOU

By: _____
Allan S. Cohen

Attorneys for Defendant
EXECUTIVE RISK INDEMNITY INC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51012471

- 11 -

## JURY TRIAL DEMANDED

Executive Risk Indemnity Inc. demands trial by jury under Fed. R. Civ. Proc. Rule 38(a).

Dated: November 28, 2007

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS
ALLAN S. COHEN
CARY JOY ECONOMOU

By: _____
Allan S. Cohen

Attorneys for Defendant
EXECUTIVE RISK INDEMNITY INC.

LA 51012471

- 12 -